IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GIRIJA NAIR, | : | |
| Plaintiff, | : | Case No. 2:02-cv-595 |
| v. | : | Judge Holschuh |
| COLUMBUS STATE COMMUNITY COLLEGE, | : | Magistrate Judge King |
| Defendant. | : | |
| | : | |

<u>Memorandum Opinion and Order</u>

This is an employment discrimination action under Title VII, 42 U.S.C. § 2000e-5, and Ohio Revised Code § 4112.02, in which Plaintiff alleges that she was discriminated against in the terms and conditions of employment on account of her national and ethnic origin and in retaliation for having exercised her right to file a charge of discrimination. On April 20, 2004, this Court entered final judgment dismissing the case due to Plaintiff's failure to fully participate in discovery. (Doc ## 31, 32). This matter is before the Court on Plaintiff's motion to set aside the Court's April 20, 2004 judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 34).

**I. Background**

    **A. Facts**

Plaintiff is a woman of Indian national and ethnic origin. (<u>Complaint</u> at ¶ 1). Defendant is a publicly funded institution of higher education organized under the laws of Ohio. (<u>Id.</u> at ¶ 2). Plaintiff began her employment with Defendant as an instructor in September 1997. (<u>Id.</u> at ¶ 7). Beginning in March 2000, Plaintiff alleges that her supervisor began treating her differently

from other employees based on her national and ethnic origin. (Id. at ¶ 9). Plaintiff was terminated from her position as an instructor of developmental mathematics by Defendant in May 2001. (Affidavit of Girija Nair, at ¶ 1, attached to Plaintiff's Motion to Set Aside Judgment).

### B. Procedural History

Plaintiff retained attorney Daniel Smith, who filed this action on Plaintiff's behalf on June 14, 2002.[1] On January 7, 2003, the Magistrate Judge granted Defendant's unopposed motion to compel discovery. On May 20, 2003, the Magistrate Judge granted Defendant's second unopposed motion for discovery. On August 12, 2003, Defendant filed a third motion to compel discovery. Shortly thereafter, Defendant filed a motion for summary judgment. The Magistrate Judge inquired as to whether Defendant wished to pursue its third motion to compel in light of its pending motion for summary judgment. Defendant responded in the affirmative. On January 16, 2004, the Magistrate Judge granted Defendant's third motion to compel noting that Plaintiff's failure to comply could result in dismissal of the action.

On March 3, 2004, Defendant moved for default judgment based on Plaintiff's failure to comply with the discovery orders. On April 20, 2004, the Court, construing Defendant's motion as a motion to dismiss under Rule 37 of the Federal Rules of Civil Procedure, granted that motion and entered final judgment dismissing the action.

---

[1]Smith also apparently represented Plaintiff before the Ohio Civil Rights Commission. (Nair Aff. at ¶¶ 2-3).

**II. Discussion**

    **A. Standard**

Plaintiff requests that the Court set aside its April 20, 2000 judgment pursuant to Rule 60(b), which provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to more for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; and (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time ....

Fed. R. Civ. P. 60(b). The decision to grant or deny relief pursuant to Rule 60(b) is within the discretion of the Court. See Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir. 1985) (citation omitted). Plaintiff, however, bears the burden of establishing the applicability of Rule 60(b). Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001).

Plaintiff contends that clause (6) of Rule 60(b) applies in this case. The Sixth Circuit has recognized that Rule 60(b)(6) applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b). See McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002). Plaintiff categorizes attorney Smith's conduct as "gross negligence" and argues that, therefore, clauses (1) through (5) of Rule 60(b) do not apply. Both parties agree that, to obtain the requested relief pursuant to Rule

60(b)(6), Plaintiff must establish that Smith engaged in gross negligence, that Plaintiff was free from fault, and that Plaintiff's Rule 60(b)(6) motion was made within a reasonable time. See Reno v. International Harvester Co., 115 F.R.D. 6, 8-10 (S.D. Ohio 1986). See also Fuller v. Quire, 916 F.2d 358, 361 (6th Cir. 1990); Smith, 776 F.2d at 1333.

**B. Application**

Initially, Defendant suggests that the case should be reopened for the limited purpose of engaging in discovery to determine whether Plaintiff was actually free from fault and whether the motion to reopen was timely filed. This Court, however, concludes that the issue can be resolved on the current record and, therefore, limited discovery is unnecessary.[2]

This Court agrees that Smith's conduct in this case constitutes gross negligence. Smith did not respond to Defendant's requests for discovery. Smith did not respond to Defendant's motions to compel discovery. Nor does it appear that Smith complied with the Court's orders compelling disclosure. Moreover, despite Plaintiff's repeated attempts to learn the status of her case, Smith either failed to respond, or misrepresented the status of the case.[3] (Nair Aff. at ¶¶ 5-10). Plaintiff was not even informed by Smith that her case had been dismissed.

---

[2] For example, in support of its request for limited discovery, Defendant believes that it can demonstrate that both the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC") attempted to contact Plaintiff regarding her administrative proceedings. Defendant contends that such contact would have put Plaintiff on notice that her counsel was deficient and would therefore render Plaintiff's Rule 60(b) motion untimely. However, as will be discussed *infra*, Plaintiff has provided sworn testimony that she did not receive any such communications from either the OCRC or the EEOC.

[3] When Smith did speak with Plaintiff, he told her to "stop calling so much," and that the case was at the summary judgment stage and that it would be at least a year and a half before the judge reviewed the case. (Nair Aff. at ¶¶ 5-6). In addition, after Plaintiff's case had been dismissed, Smith's secretary also told Plaintiff that nothing new had occurred but that Smith would contact her if there was anything Plaintiff needed to know. (Id. at ¶¶ 7-10).

Similar facts were addressed by the Court in <u>Reno</u>. In that case, the plaintiff brought an employment discrimination action against the defendant. The plaintiff's counsel never filed the plaintiff's list of lay witnesses, did not participate in drafting a final pretrial order and, most importantly, failed to respond to the defendant's motion for summary judgment. The Court concluded that the plaintiff's counsel had abandoned the plaintiff and that such conduct constituted "gross neglect" warranting relief under Rule 60(b)(6). <u>Reno</u>, 115 F.R.D. at 10.

Smith's failure to respond to Defendant's discovery requests and the Court's orders compelling disclosure, as well as the apparent abandonment of his client's case do not constitute the type of "excusable neglect" cognizable under Rule 60(b)(1).[4] <u>See Reno</u>, 115 F.R.D. at 8. Instead, Smith's actions are more appropriately described as "gross negligence." It was Smith's failure to participate in discovery that ultimately led to the dismissal of Plaintiff's case. This Court therefore concludes that Plaintiff's allegations fall within clause (6) of Rule 60(b).

In determining whether to grant relief pursuant to Rule 60(b)(6), the Court must also determine whether Plaintiff was free from fault. It does not appear that Plaintiff encouraged, caused, or even acquiesced in Smith's alleged misconduct. Instead, it appears that Plaintiff was reasonably diligent in her efforts to determine the status of her case and to protect her rights. First, Plaintiff alleges that she supplied all requested and relevant discovery to Smith. (<u>Nair Aff.</u> at ¶ 2).

Plaintiff also indicates that she routinely checked with Smith regarding the status of her

---

[4] Nor do clauses (2) through (5) appear to apply in this case: Plaintiff does not allege the discovery of new evidence; there is no allegation of fraud or misrepresentation on the part of Defendant; Plaintiff does not allege that the judgment is void; and there is no contention that the judgment has been satisfied, released or discharged, that a prior judgment has been reversed or otherwise vacated, or that prospective application of the judgment would no longer be equitable.

case. However, as was noted *supra*, Plaintiff was told to stop calling so much and that, because the case was at the summary judgment stage, there had not been any activity, but that Smith would contact her if there was anything Plaintiff needed to know. (Nair Aff. at ¶¶ 5-6). Nevertheless, Plaintiff continued contacting Smith in an attempt to learn the status of her case. (Id. at ¶¶ 7-10). Moreover, once she learned that her case had been dismissed, Plaintiff began seeking replacement counsel. (Id. at ¶ 11). Therefore, this Court concludes that Plaintiff acted in a reasonably diligent manner and should not be faulted for the misconduct of her attorney.

Finally, the Court must consider the timeliness of Plaintiff's Rule 60(b)(6) motion. A Rule 60(b)(6) motion must be made within "a reasonable time." Fuller, 916 F.2d at 360. In determining whether Plaintiff's Rule 60(b)(6) motion was filed within a reasonable time, the Court may consider "such factors as the interest in finality, the reason for the delay, the ability of the party to learn earlier of the grounds relied on and prejudice to the opposing party." United States v. Real Property Known and Numbered as 429 South Main Street, New Lexington, Ohio, 906 F. Supp. 1155, 1164 (S.D. Ohio 1995) (citing Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610-11 (7th Cir. 1986)).

When Plaintiff contacted Smith in September 2003, Smith told Plaintiff that the judge would not even look at her case for a year and a half. Nevertheless, Plaintiff continued to contact Smith for updates. (Nair Aff. at ¶¶ 7-10). Plaintiff was repeatedly told that her case was idle, but that she would be contacted if anything happened. (Id.). In February 2005, after waiting approximately a year and a half, and after not receiving an update from Smith, Plaintiff contacted the Court and discovered that her case had been dismissed in April 2004. (Id. at ¶ 11). Plaintiff alleges that, once she learned that her case had been dismissed, she immediately began

seeking new counsel. (Id. at ¶ 11). Plaintiff filed her Rule 60(b)(6) motion shortly after obtaining replacement counsel.

Defendant argues that it was unreasonable for Plaintiff to wait approximately a year and a half before contacting the Court. Defendant suggests that Plaintiff should have been on notice, at the very latest, in October 2004, when the Ohio Civil Rights Commission ("OCRC") sent a notice of dismissal of her administrative proceedings due to her failure to cooperate in the prosecution. Plaintiff, however, denies receiving any such communication from the OCRC.[5]

With respect to prejudice, Defendant contends that, due to the extended delay between the April 20, 2004 judgment of dismissal and Plaintiff's April 8, 2005 Rule 60(b)(6) motion, evidence may have been lost. Defendant, however, has not specifically identified any witness or evidence that has become unavailable, and the record does not reflect that any evidence has in fact been lost. Additionally, while the delay resulting from Smith's gross negligence certainly did not benefit Defendant, it would be unjust for Plaintiff to lose her day in Court merely because her attorney, through no fault of her own, abandoned her case. See Reno, 115 F.R.D. at 9.

Defendant also suggests that, if the case is reopened, in order to minimize prejudice, it should be reopened for the limited purpose of ruling on the pending motion for summary judgment. However, as Defendant's reply in support of its motion for summary judgment reveals, Plaintiff's response was inadequate; "the bulk of Plaintiff's Memorandum in Opposition

---

[5]Plaintiff was allegedly told by the OCRC not to contact them directly because she was represented by counsel. (Affidavit of Girija Nair II, at ¶ 3, attached to Plaintiff's Reply). Plaintiff also denies receiving any similar communications from the Equal Employment Opportunity Commission. (Id. at ¶ 4).

7

consists almost exclusively of unsupported assertions and conjecture." (Defendant's Reply, at p. 1).  This Court finds that it is reasonable to believe that Plaintiff's inadequate response to Defendant's motion for summary judgment was due, at least in part, to Smith's abandonment of Plaintiff's case.

As in Reno, this Court concludes that "neither the interest in finality of judgments nor the prejudice to Defendant outweigh the hardship that would be put upon Plaintiff were [s]he not allowed to present the merits of [her] case." 115 F.R.D. at 9.  See also Fuller, 916 F.2d at 361.  This Court therefore concludes that Plaintiff's Rule 60(b)(6) motion was filed within a reasonable time.

**WHEREUPON**, Plaintiff's motion to set aside the Court's April 20, 2004 judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, (Doc. # 34), is **GRANTED**.  The April 20, 2004 judgment of the Court is hereby **VACATED**.  This case is hereby restored to the Court's active docket.  Moreover, Plaintiff shall comply with this Court's January 7, 2003, May 20, 2003, and January 16, 2004 Orders compelling discovery within thirty (30) days of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**


December 31, 2005　　　　　　　　　　　　　　　　/s/ John D. Holschuh
　　　　　　　　　　　　　　　　　　　　　　　　John D. Holschuh, Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court